UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MICHAEL STEVENS,

              Petitioner,

      vs.

JEFF MACOMBER, Warden,[1]

              Respondent.

Case No:  C 13-2324 SBA (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Michael Stevens ("Petitioner") brings the instant pro se habeas action under 28 U.S.C. § 2254 to challenge his 2010 conviction and sentence rendered in the Contra Costa County Superior Court.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the Petition for the reasons set forth below.

## I.    **BACKGROUND**

Petitioner was charged in state court by way of an amended information, filed May 10, 2010, with 22 counts of rape, forcible sodomy, kidnapping for sexual purposes and other offenses against four victims, some of whom had a history of prostitution.  Petitioner testified, admitting all of the sex acts alleged by all four victims, but claiming all were consensual.  In July 2010, a Contra Costa County jury convicted Petitioner on 14 of the 22 counts.  In reaching its verdict, the jury rejected Petitioner's defense that the acts were consensual.  See People v. Stevens, No. A130778, 2012 WL 3756261, *1-7 (Cal. Ct. App. Aug. 30, 2012).[2]  The jury found true the multiple victim enhancement and prior prison

---

[1] Jeff Macomber, the current warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] The facts of the case are familiar to the parties and are set forth in the California Court of Appeal opinion.  Stevens, 2012 WL 3756261, *1-7.

term enhancement allegations.  Id. at *6.  The trial court sentenced Petitioner to multiple consecutive 15-year-to-life terms, and the total unstayed prison term was 166 years to life in state prison.  Id. at *7.

Petitioner appealed the judgment to the California Court of Appeal, which affirmed the conviction in an unpublished opinion on August 30, 2012.  Id. at *1-15; Resp't Ex. 3. The California Supreme Court subsequently denied Petitioner's petition for review on November 28, 2012.  Resp't Exs. 4, 5.  On May 22, 2013, Petitioner filed the instant Petition, alleging two claims of instructional error.  Dkt. 1.  The petition is now fully briefed and ripe for adjudication.  Dkts. 7, 15.

## I.    LEGAL STANDARD

The instant Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  Under AEDPA, a federal court cannot grant habeas relief with respect to any claim adjudicated on the merits in a state-court proceeding unless the proceeding "resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1) (emphasis added).

A state court decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [its] precedent."  Lockyer v. Andrade, 538 U.S. 63, 73 (2003) (internal quotation marks omitted).  Relief under the "unreasonable application" clause is appropriate "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id.  Habeas petitioners bear the burden of showing that a state court's decision applied some Supreme Court precedent in an objectively unreasonable manner.  Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (per curiam).

1
2
3
4
5
6
7
8

In determining whether a state court's decision is contrary to, or involves an unreasonable application of, clearly established federal law, courts in this Circuit look to the decision of the highest state court to address the merits of the petitioner's claim in a reasoned decision.  See Ylst v. Nunnemaker, 501 U.S. 797, 803-804 (1991); LaJoie v. Thompson, 217 F.3d 663, 669 n.7 (9th Cir. 2000).  Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

9
10
11
12
13
14
15

On federal habeas review, AEDPA "imposes a highly deferential standard for evaluating state-court rulings" and "demands that state-court decisions be given the benefit of the doubt."  Renico v. Lett, 559 U.S. 766, 773 (2010) (internal quotation marks omitted).  In applying the above standards on habeas review, this Court reviews the "last reasoned decision" by the state court.  See Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).  The last reasoned decision in this case is the Court of Appeal's unpublished disposition issued on August 30, 2012.

16

## II.   DISCUSSION

17
18
19
20
21

Petitioner asserts the following claims based on instructional error:  (1) the trial court gave "conflicting pinpoint instructions" on the use of the complaining witnesses' prostitution arrests/convictions in evaluating their credibility; and (2) the trial court failed to instruct the jury that engaging in an act of prostitution was a lesser related offense to the charged sex offenses.  Dkt. 1 at 3-4.[3]

22

### A.   CLAIM RELATING TO PROSECUTION PINPOINT INSTRUCTION

23
24
25

To obtain federal habeas relief based on instructional error, the petitioner must demonstrate "that an erroneous instruction so infected the entire trial that the resulting conviction violates due process."  Gilmore v. Taylor, 508 U.S. 333, 342-43 (1993).  The

26
27

---

[3] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Petitioner.

court must evaluate jury instructions in the context of the overall charge to the jury as a component of the entire trial process.  See United States v. Frady, 456 U.S. 152, 169 (1982).  If instructional error is shown, the court must then determine whether there was prejudice; that is, whether the error had substantial and injurious effect or influence in determining the jury's verdict within the meaning of Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).  See Pulido v. Chrones, 629 F.3d 1007, 1012 (9th Cir. 2010) (citing Fry v. Pliler, 551 U.S. 112 (2007)).

Here, the trial court instructed the jury with the following defense pinpoint instruction that allowed them to consider the victims' history of prostitution arrests/convictions in evaluating their credibility.  Over the prosecutor's objection, the trial court gave Petitioner's proposed instruction:  "In determining whether or not . . . Jane Does I, II, III or IV is a truthful witness, you may consider each witness's history of prostitution arrests and/or prostitution convictions."  Stevens, 2012 WL 3756261, *13.  However, the trial court also gave the prosecution's version of the pinpoint instruction:  "Evidence of a complaining witness's arrest or convictions for prostitution has been admitted.  You may, but are not required to, consider this evidence as it relates to the witness's credibility."  Id. (italics omitted).  The court read the prosecution instruction immediately after giving the defense instruction.

On appeal, Petitioner argued that while his pinpoint instruction was proper, the prosecution pinpoint instruction was incorrect and presented an inconsistent statement of the law.  Id.  The state appellate court disagreed, finding that although the pinpoint instructions may have been "redundant," they were "not contradictory."  Id.  The court explained:

> We have two instructions saying essentially the same thing with a slightly different choice of words.  Defendant's instruction tells jurors they "may" consider the complaining witnesses' past prostitution in evaluating their credibility.  The use of the word "may" would convey to a reasonable juror that he or she can consider that history on the question of credibility, *not that the* juror is required to do so.  *Such a juror would construe the prosecution's instruction to mean exactly the same thing: we*

4

1

2

> *may but are not required to consider the witness's prostitution history in evaluating her credibility.*  Substantively, the instructions in issue are redundant, not contradictory.

3   Id., *13 (emphasis added, footnote omitted).

4        The state appellate court also rejected Petitioner's ancillary claim that the

5   prosecution pinpoint instruction conflicted with CALCRIM No. 220, which states in

6   relevant part: "In deciding whether the People have proved their case beyond a reasonable

7   doubt, you must impartially *compare and consider all the evidence that was received*

8   *throughout the entire trial*."  Id. at *14 (italics in original).  The court flatly rejected the

9   notion of any instructional inconsistency:

10

11

12

13

14

15

16

17

18

19

20

> In our view, however, there was no conflict.  Other instructions told jurors they could, but were not required, to consider evidence for certain purposes.  Thus, the instruction on the use of evidence under Evidence Code section 1101 told jurors that if they found the defendant committed the uncharged offenses, "you may, but are not required to, consider that evidence for the limited purpose of deciding" intent, common plan, or consent. The robbery instruction told the jury it "may consider how, where and when the defendant possessed the property, along with any other relevant circumstances tending to prove his guilt of second degree robbery."  Such instructions do not conflict with CALCRIM No. 220.  Although the jury is instructed to "consider" all of the evidence, that does not mean the jury may or must use ("consider") any particular piece of evidence in making a specific determination of credibility or fact.  That is a matter to be filled in by other instructions addressing how the jury is to approach deciding the particular issues of credibility and fact necessary for it to reach a verdict.  *We do not find it reasonably likely the jury would have been confused by these distinct senses in which the CALCRIM No. 220 and other instructions used the word "consider."*

21

22   *Id.* (emphasis added).

23        In his Petition, Petitioner challenges the prosecution pinpoint instruction and argues

24   that the trial court "erred by reading instructions to the jury informing them that it need not

25   consider evidence presented by the defense."  Dkt. 1 at 3.  He asserts that by instructing the

26   jurors that "they 'may but were not required to' consider evidence in assessing witness

27   credibility," the trial court allowed the jury to disregard critical evidence presented by the

defense in assessing the credibility of the complaining witnesses.  Id.  In essence, Petitioner makes the same argument that he did on direct appeal; to wit, that the prosecution pinpoint instruction was an incorrect and inconsistent statement of the law which should not have been given to the jury.

Petitioner's arguments are unavailing.  As discussed above, the court of appeal presented a reasoned analysis to support its conclusions that prosecution pinpoint instructions conflicted with neither the defense pinpoint instruction nor CALCRIM No. 220.  Stevens, 2012 WL 3756261, *13-14.  On federal habeas review, federal courts are bound to presume that state courts know and follow the law, and to give state-court decisions "the benefit of the doubt."  See Musladin v. Lamarque, 555 F.3d 830, 838 n.6 (9th Cir. 2009) (citation and internal quotation marks omitted).  The deference afforded to state court decisions "applies with even greater force when a state court is analyzing a jury instruction developed under state law," as in the case here.  Byrd v. Lewis, 566 F.3d 855, 861-62 (9th Cir. 2009).  Deference notwithstanding, the trial court record makes it clear there was not a reasonable likelihood that the prosecution pinpoint instruction was misunderstood.  Estelle, 502 U.S. at 72 (the challenged instruction must be evaluated in light of the instructions as a whole and the evidence introduced at trial); Cupp v. Naughton, 414 U.S. 141, 146-147 (1973) ("a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge").  As such, the state appellate court's rejection of Petitioner's claim was not objectively unreasonable.

Even if the jurors had misunderstood and misapplied the prosecution pinpoint instruction, Petitioner has not shown that the error had a substantial and injurious effect or influence in determining the jury's verdict.  See Brecht, 507 U.S. at 637.  The jurors were aware that the victims were prostitutes.  Petitioner testified in his defense, admitting all of the sex acts alleged by the four victims, but claimed they were consensual.  Stevens, 2012 WL 3756261, *5.  Petitioner does not argue that the prosecution pinpoint instruction in any way restricted the jurors' consideration of evidence of the victims' prostitution activity at the time of the offenses, and its effect on Petitioner's reasonable belief regarding consent.

The jurors found the evidence from the four victims convincing and rejected Petitioner's consent defense; therefore, any error in the prosecution pinpoint instruction was harmless. See Brecht, 507 U.S. at 637.

Accordingly, the Court of Appeal's denial of this claim was not objectively unreasonable. Therefore, Petitioner is not entitled to habeas relief for his claim relating to the prosecution pinpoint instruction, and this claim is DENIED.

**B.    CLAIM RELATING TO INSTRUCTION ON LESSER INCLUDED OFFENSE**

Petitioner alleges that the trial court's refusal to give the lesser related offense instruction of engaging in prostitution on all of the sexual offense counts deprived him of his right to present a defense in violation of due process.  Dkt. 1 at 4.  This claim fails because the failure of a state trial court to instruct on lesser included offenses in a non-capital case, such as this, does not present a federal constitutional question.  See Solis v. Garcia, 219 F.3d 922, 929 (9th Cir. 2000); Windham v. Merkle, 163 F.3d 1092, 1105-06 (9th Cir. 1998).

Accordingly, because it is not cognizable on federal habeas review, this claim is DENIED.

**III.    CERTIFICATE OF APPEALABILITY**

No certificate of appealability is warranted in this case.  For the reasons set out above, jurists of reason would not find this Court's denial of Petitioner's claims debatable or wrong.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Petitioner may not appeal the denial of a Certificate of Appealability in this Court but may seek a certificate from the Ninth Circuit under Rule 22 of the Federal Rules of Appellate Procedure.  See Rule 11(a) of the Rules Governing Section 2254 Cases.

**IV.    CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1.    All claims from the Petition are DENIED, and a certificate of appealability will not issue.  Petitioner may seek a certificate of appealability from the Ninth Circuit

Court of Appeals.

2.     The Clerk shall enter judgment, terminate any pending matters, and close the file.

IT IS SO ORDERED.

Dated:  7/23/15

SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\HC.13\Stevens2324.denyHC-final_rev.docx

8